1 | NANCY NGUYEN SIMS (SBN 215869)
  | nancy.sims@dlapiper.com
2 | **DLA PIPER LLP (US)**
  | 2000 Avenue of the Stars
3 | Suite 400 North Tower
  | Los Angeles, California 90067-4704
4 | Tel:   310.595.3000
  | Fax:   310.595.3300
5 |
  | Attorneys for Plaintiff
6 | BIOVERATIV US LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| BIOVERATIV US LLC, a Delaware corporation, | CASE NO.  20-cv-2137 |
| --- | --- |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1.  **BREACH OF CONTRACT** |
| NATIONAL CORNERSTONE HEALTHCARE SERVICES, INC., a California corporation; and DOES 1 through 10, inclusive, | 2.  **GOODS RENDERED** |
| | 3.  **ACCOUNT STATED** |
| Defendants. | **[REQUEST FOR JURY TRIAL]** |

WEST\291665167.43

COMPLAINT

Plaintiff BIOVERATIV US LLC ("**Bioverativ**"), by its attorneys, for its Complaint against Defendant NATIONAL CORNERSTONE HEALTHCARE SERVICES, INC. ("**National Cornerstone**"), states as follows:

## NATURE OF THE ACTION

1.     This is an action for monetary damages resulting from National Cornerstone's failure to pay under a distribution contract for the purchase of pharmaceutical products.

## THE PARTIES

2.     Plaintiff Bioverativ is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Waltham, Massachusetts.  Bioverativ specializes in the discovery, development, and delivery of therapies for the treatment of hemophilia.

3.     Defendant National Cornerstone is a corporation organized and existing under the laws of the State of California, with its principal place of business in Loma Linda, California.  National Cornerstone is a non-pharmacy dispenser of medicinal preparations under the supervision of a physician to patients for self-administration.

4.     Bioverativ does not know the true names and capacities of defendants sued in this Complaint as Does 1 through 10, inclusive, and therefore sues these defendants by fictitious names.  Bioverativ is informed and believes, and on that basis alleges, that these Doe defendants, in some way unknown to Bioverativ, are responsible for the acts and omissions alleged in this Complaint and have incurred liability to Bioverativ.  Bioverativ will amend this Complaint to allege the true names and capacities of Does 1 through 10, inclusive, when ascertained.

5.     Bioverativ is informed and believes, and on that basis alleges, that at all times mentioned herein, each of the defendants was and is the agent, servant, and employee of each of the other defendants, and all of the things alleged to have been done by each defendant were done in the capacity, scope, and course of said agency, servitude, and employment.

**JURISDICTION AND VENUE**

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

7.    The Court has personal jurisdiction over National Cornerstone because it is a citizen and resident of the State of California.

8.    Venue is proper in this Court, under 28 U.S.C. §1391(b)(1), because National Cornerstone is a resident of this District.

**FACTUAL ALLEGATIONS**

9.    On April 1, 2014, National Cornerstone and Biogen ("Biogen") entered into a Specialty Pharmacy Distribution Agreement relating to the purchase and sale of pharmaceutical products (the "Agreement").  There were seven amendments to the Agreement with the last becoming effective as of January 1, 2019.  A true and correct copy of the Agreement with the amendments is attached hereto as **Exhibit A**.

10.    During the term of the Agreement, Biogen separated certain assets and liabilities related to its hemophilia business into Bioverativ.  As part of that transaction, the Agreement was assigned to Bioverativ in 2017.

11.    Under the terms of the Agreement, National Cornerstone was appointed as Bioverativ's non-exclusive supplier.  Specifically, Bioverativ agreed to sell, and National Cornerstone agreed to buy, certain pharmaceutical products for the treatment of hemophilia patients.

12.    National Cornerstone did, in fact, purchase products from Bioverativ.  Bioverativ complied with its contractual obligations by delivering the products ordered, as required by the Agreement.

13.    National Cornerstone, however, failed to pay twelve (12) of the invoices for purchases of products between October 2, 2018 and November 8, 2018 (collectively, the "**Unpaid Invoices**").  True and correct copies of the Unpaid Invoices

are attached hereto as **Exhibit B**.  The total amount owed under the Unpaid Invoices is $1,543,060.02.

14.    National Cornerstone has a credit in the amount of $51,368.55 which, when offset against the amounts owed under the Unpaid Invoices, leaves a remaining balance of $1,491,691.47 due and owing by National Cornerstone.

15.    Although National Cornerstone was obligated under the Agreement to pay the above amount to Bioverativ, it has failed to do so.  National Cornerstone defaulted, notwithstanding the fact that it admits and acknowledges the debt.

16.    Bioverativ has made repeated demands on National Cornerstone for payment of the debt.  However, to date, National Cornerstone has failed to pay any portion of the amount due and owing.

### COUNT I

### BREACH OF CONTRACT

### (Against all Defendants)

17.    Bioverativ repeats and realleges Paragraphs 1 through 16 of its Complaint, as if fully set forth herein.

18.    Bioverativ has fully performed all of its obligations under the Agreement.

19.    National Cornerstone, however, failed to comply with its obligations under the Agreement.  Specifically, National Cornerstone failed to pay the amount due and owing thereunder.

20.    As a direct and proximate result of National Cornerstone's breach of the Agreement, Bioverativ has sustained losses in the amount of $1,491,691.47, plus interest and costs.

/ / /

/ / /

/ / /

**COUNT II**

**GOODS RENDERED**

**(Against All Defendants)**

21.    Bioverativ repeats and realleges Paragraphs 1 through 19 of its Complaint, as if fully set forth herein.

22.    National Cornerstone ordered goods and products from Bioverativ's predecessor-in-interest in the amount of $1,491,691.47.  Those orders were fulfilled and, as a result, National Cornerstone received the products it requested.

23.    National Cornerstone has not paid Bioverativ or its predecessor-in-interest for the products it ordered and received.

24.    As a result, Bioverativ has suffered damages in the amount of $1,491,691.47, plus interest and costs.

**COUNT III**

**ACCOUNT STATED**

**(Against All Defendants)**

25.    Bioverativ repeats and realleges Paragraphs 1 through 19 of its Complaint, as if fully set forth herein.

26.    National Cornerstone became indebted to Bioverativ for money due from the products it ordered and received from Bioverativ.

27.    Bioverativ has repeatedly requested full payment from National Cornerstone for the amounts due and owing on its account, and National Cornerstone has acknowledged, and not disputed, the debt in the amount of $1,491,691.47.

28.    Nevertheless, National Cornerstone has failed, and continues to fail, to pay Bioverativ as promised.  National Cornerstone currently owes Bioverativ $1,491,691.47, plus interest and costs.

1

## **PRAYER FOR RELIEF**

WHEREFORE, Bioverativ respectfully prays for the following:

i.   For a money judgment against National Cornerstone for damages in the amount of $1,491,691.47;

ii.  An award of its costs and expenses incurred herein; and

iii. Such other and further relief that the Court deems appropriate.


Dated: October 13, 2020          **DLA PIPER LLP (US)**


By:/s/  Nancy Nguyen Sims
         NANCY NGUYEN SIMS
         Attorneys for Plaintiff
         BIOVERATIV US LLC


## **REQUEST FOR JURY TRIAL**

Bioverativ hereby demands a trial by jury on all issues in this action which are so triable.


Dated: October 13, 2020          **DLA PIPER LLP (US)**


By:/s/  Nancy Nguyen Sims
         NANCY NGUYEN SIMS
         Attorneys for Plaintiff
         BIOVERATIV US LLC