UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-2137 JGB (KKx)** | Date | April 16, 2021 |
|---|---|---|---|
| Title | *Bioverativ US LLC v. National Cornerstone Healthcare Services, Inc. et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion for Default Judgment (Dkt. No. 20); (2) DENYING AS MOOT Plaintiff's Application for Default Judgment (Dkt. No. 18); and (2) VACATING the hearing set for April 19, 2021 (IN CHAMBERS)

Before the Court is Plaintiff's Motion for default judgment. ("Motion," Dkt. No. 20.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court GRANTS the Motion. The April 19, 2021 hearing is VACATED.

### I.  BACKGROUND

This is a contract dispute. (Complaint.) Defendant[1] agreed to purchase pharmaceutical products from Plaintiff. (Id.) Plaintiff delivered the products ordered, and Defendant failed to pay twelve invoices for purchase of prdocuts between October 2, 2018, and November 8, 2018. (Id. ¶ 13.) The total amount owed in unpaid invoices is $1,543,060.02. (Id.)

---

[1] Defendant National Cornerstone Healthcare Services, Inc. ("National Cornerstone") is listed as a customer on the agreement appended to the Complaint, though the agreement was ultimately signed by NCHS Holdings, Inc. (Dkt. No. 1-1.) Defendant National Cornerstone is identified as a subsidiary of signatory NCHS Holdings, Inc. on the agreement. (Id. at 1.)

Plaintiff filed a Complaint against Defendant on October 13, 2020.  ("Complaint," Dkt. No. 1.)  The Complaint alleges: (1) Breach of contract; (2) Goods rendered; and (3) Account stated.  (See Compl.)

Defendant was properly served with the Complaint, summons, and other Court documents by personal service.  (Dkt. Nos. 11, 13.)  Despite being served with the summons and Complaint, Defendant failed to file a response within the time prescribed by the Federal Rules of Civil Procedure.

After Defendant failed to file a responsive pleading, Plaintiff filed a request for entry of default against it on December 30, 2020.  (Dkt. No. 16.)  The Clerk of this Court entered default against Defendant on January 4, 2021.  (Dkt. No. 17.)

On February 25, 2021, Plaintiff filed a Request for Default Judgment with the Clerk of the Court.  (Dkt. No. 18.)  The reqest was improper (see Dkt. No. 19) and the Court now DENIES it as moot.

On March 19, 2021, Plaintiff properly moved for default judgement, requesting $1,491,691.47 in damages, $2,891.10 in costs, and post-judgment interest at the maximum legal rate.  (Dkt. No. 20.)  No opposition was filed.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following the entry of default by the Clerk of the Court.  Local Rule 55-1 requires an application to the Court for default judgment be accompanied by a declaration that conforms to the requirements of Federal Rule of Civil Procedure 55(b) and set forth the following information:

> (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Relief Act does not apply; and (5) that notice of the application has been served on the defaulting party, if required.

L.R. 55–1.

Whether to enter default judgment is within the sound discretion of the district court.  Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980).  In Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth the following factors for consideration in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 ("Eitel factors"). Upon entry of default, the well-pleaded factual allegations of a complaint are deemed true; however, allegations pertaining to the amount of damages must be proven. TeleVideo Systems Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). A plaintiff is required to provide evidence of his damages, and a court may rely only on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2). Further, the damages sought must not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. DISCUSSION

Plaintiff moves this Court to enter default judgment against Defendant. Plaintiff seeks to recover $1,491,691.47 in damages, $2,891.10 in costs, and post-judgment interest at the maximum legal rate. (Motion at 11.) In order for default judgment to be entered in its favor, Plaintiff must meet the procedural requirements described above and establish that, on balance, the Eitel factors weigh in its favor. The Court evaluates these factors below.

#### A. Procedural Requirements

Plaintiff has satisfied the procedural requirements for entry of default judgment by the Court. Pursuant to Federal Rule of Civil Procedure 55, Plaintiff did not petition for entry of default judgment until after default was entered against Defendant by the Clerk. (Dkt. No. 17.) Additionally, Plaintiff's Motion and accompanying declaration set forth the information required by the Local Rules of this Court. (Nguyen Sims Declaration, Dkt. No. 20-2.) Plaintiff's counsel also represents that notice of this Motion was served by mail to Defendants. (Dkt. No. 20-2 ¶ 8.)

#### B. Eitel Factors

##### 1. Possibility of prejudice to Plaintiff

Plaintiff would suffer prejudice if the Court does not enter default judgement. Because Defendant has not appeared in this action, a default judgment is the only means by which Plaintiff may recover. Absent a default judgment by this Court, Defendant will have avoided liability simply by not responding to Plaintiff's action. Therefore, this factor weighs in favor of default judgment. Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding the plaintiff would suffer prejudice absent entry of a default judgment because of the defendant's unwillingness to cooperate and defend against the claim).

##### 2. Substantive merits of Plaintiff's claims

The second and third Eitel factors concern the merits of Plaintiff's substantive claims, and the sufficiency of the complaint. Eitel, 782 F.2d at 1471-72. "The Ninth Circuit has

suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002) (internal citation omitted).

"The essential elements of an account stated are: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." Linde, LLC v. Valley Protein, LLC, 2019 WL 3035551, at *10 (E.D. Cal. July 11, 2019). Similarly, "[t]he only essential allegations of a common count [for goods rendered] are (1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." Id. (citing to Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th 445, 460 (1997).

Plaintiff has demonstrated the substantive merits of its claims. Exhibit A to its Complaint is a signed agreement between the parties. (Dkt. No. 1-1.) The agreement includes multiple appendices which show ongoing business between the two entities; all appendices are also signed. (Id.) Exhibit B to the Complaint is a collection of unpaid invoices. (Dkt. No. 1-2.) This action is a simple contract breach; Plaintiff has sufficiently demonstrated it may recover.

3. **Sum of money at stake**

The fourth Eitel factor examines the amount of money at stake in the action relative to the gravity of the defendant's conduct. PepsiCo, 238 F. Supp. 2d at 1176. Plaintiff seeks a total monetary judgment of $1,494,582.57: $1,491,691.47 in damages and $2,891.10 in costs. (See Motion.) This is a substantial sum of money, but it is consistent with the terms of the parties' contract and is thus appropriate.

4. **Possibility of dispute concerning material facts**

Upon entry of default, all well-pleaded factual allegations are deemed true—except those pertaining to damages. TeleVideo, 826 F.2d at 917; Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. Feb. 11, 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Because Defendant has not appeared in this action or asserted any defenses, it is unlikely that disputes as to material facts will arise. Accordingly, this factor favors default judgment.

5. **Whether default was due to excusable neglect**

Under the sixth factor, the court must consider whether a defendant's default may have been due to excusable neglect. Eitel, 782 F.2d at 1472. This factor favors default judgment where the defendant has been properly served or the plaintiff demonstrates the defendant is aware of the action. Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. Jan, 23, 2012). In the instant case, Defendant was properly served with the summons and

Complaint. Plaintiff first served Defendant's registered agent for service; however, she claimed that she was no longer affiliated with the company, even though Defendant designated her as its registered agent for service with the California Secretary of State. (Dkt. No. 11.) To be thorough, Plaintiff also personally served Defendant's CEO, Frederick Copeland, on November 20, 2020. (Dkt. No. 13.) Defendant has also been served with the instant Motion. (Dkt. No. 20-6.) Accordingly, the Court concludes Defendant's default was not the product of excusable neglect. Thus, this factor favors entry of default judgment.

### 6. Policy favoring decision on the merits

Generally, default judgments are disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472 (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). However, where a defendant fails to appear and respond, default judgment is appropriate. Wecosign, 845 F. Supp. 2d at 1083. Here, Defendant's failure to appear or defend against this action makes a decision on the merits impracticable. Therefore, this factor weighs in favor of default judgment.

On balance, the Eitel factors weighs in favor of default judgment against Defendant. Thus, the Court GRANTS the Motion for default judgment.

## C. Requested Relief

Rule 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A plaintiff must "prove up" the amount of damages. Aifang v. Velocity VIII, L.P., 2016 WL 5420641, at *7 (C.D. Cal. Sept. 26, 2016).

### 1. Monetary relief

Plaintiff seeks a total monetary judgment of $1,494,582.57: $1,491,691.47 in damages and $2,891.10 in costs. (Motion 11.) In support of these allegations, Plaintiff has attached relevant invoices and the Decalration of Jason Crosby. (Crosby Declaration, Dkt. No. 20-3.) The Crosby Declaration explains that the total amount owed in unpaid invoices is $1,561,123.35. (Id. ¶ 3.) However, National Cornerstone paid eighteen invoices (distinct from the ones involved in this dispute) in a 30-day time frame, which entitled it to a credit of $51,368.55. (Id. ¶ 4.) With the credit accounted for, Defendant owes $1,509,754.80. (Id.)

However, Plaintiff committed a clerical error and demanded only $1,491,691.47 in its Complaint. (Id. ¶ 5.) It improperly recorded the amount owed under Invoice No. 4515762, dated October 2, 2018, as $78,313.17 when the amount owed was actually $96,376.50. (Id.) Rule 54(c) does not allow Plaintiff to recover more than it plead.

2. **Attorneys' fees and costs**

Pursuant to Local Rule 55-3, Plaintiff seeks $0 in attorneys' fees and $2,891.10 in costs. (Motion 11.)  Pursuant to 29 U.S.C. § 1132(g)(2)(d), the Court finds Plaintiff's claim for $2,891.10 in costs is reasonable.

3. **Postjudgment interest**

The Court awards postjudgment interest as provided by 28 U.S.C. § 1961.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff's Motion for default judgment is GRANTED.  Judgment shall be entered as follows:

1. Plaintiff is AWARDED $1,491,691.47 in damages and $2,891.10 in costs.

2. Plaintiff is ORDERED to mail a copy of this order and the judgment concurrently filed therewith to Defendant.  Plaintiff shall file Proof of Service with the Court within ten days of the date of this Order.

**IT IS SO ORDERED.**